# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:06CR151-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAVID MICHAEL HENNESSEY, ) | |
| a/k/a William Jefferson, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion for Government to Elect Charges" and "Memorandum of Law in Support of Motion ..." (Document No. 73), filed September 11, 2006; and "Response of the United States to Motion of Hennessey and Reid Regarding Multiplicity" (Document No. 75), filed September 15, 2006.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the "Motion for Government to Elect Charges" (Document No. 73).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was indicted on June 6, 2006 (Document No. 12), along with twelve other defendants, for one count of conspiracy and twenty-two counts of wire fraud. Defendants are charged with participating in a scheme to defraud victims in the United States by informing them that they had won a sweepstakes prize and then convincing them to send a fee via Western Union money wire transfers to Costa Rica to secure their prize money.

The current issue before the Court on Defendant's motion is whether the United States has utilized more than one count to charge Defendant with a single offense. Defendant contends the charges are multiplicious [sic]. The government contends that since the conspiracy charge requires proof of a fact that the wire fraud charges do not, the charges are not multiplicitous.

## II. DISCUSSION

Multiplicity is the improper charging of the same offense in more than one count of the indictment, and it violates the Fifth Amendment. "The test to be applied to determine whether there are two offenses or only one, is whether each [count] requires proof of a fact the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

Plaintiff's "Response ..." (Document No. 75) first lays out the elements that must be proved for conspiracy, and then those for wire fraud. The elements of a conspiracy charge under 18 U.S.C. § 371 are:

1. The existence of an agreement by two or more persons to commit an offense against the United States or defraud the United States;

2. The defendant's knowing and voluntary participation in the conspiracy; and

3. The commission of an overt act in furtherance of the conspiracy.

The elements of a wire fraud charge under 18 U.S.C. § 1343 are:

1. A scheme to defraud,

2. Use of an interstate wire in furtherance of the scheme, and

3. A "material" statement or omission in furtherance of the scheme.

Clearly, each offense requires proof of different facts and therefore there is no multiplicity.

For example, a key element of a conspiracy charge is the agreement of "two or more persons" to "commit any offense ... or to defraud." 18 U.S.C. § 371. Wire fraud, however, does not require the involvement of more than one person. Wire fraud by definition requires that the "means" of the scheme or fraud involve "wire, radio, or television communication," whereas a charge of conspiracy does not designate any "means" to the crime. 18 U.S.C. § 1343. Therefore conspiracy and wire fraud charges require proof of at least one distinct element from each other.

Even though the alleged conspiracy in the instant case may be closely related to the alleged wire fraud, they are still two distinct crimes. Furthermore, as laid out in the indictment, each count of wire fraud charged against Defendant(s) was a separate event. As Plaintiff correctly notes, although some facts may be used to prove both counts, as long as each requires at least one additional fact that the other does not, the charges are not multiplicitous.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion for Government to Elect Charges" (Document No. 73) is **DENIED**.

Signed: October 10, 2006

David C. Keesler
United States Magistrate Judge